## SCOTLAND COUNTY, Appellant, v. McKEE.

### Division One, March 29, 1902,

**Bond to County:** LUNATIC: EXPENSE AT ASYLUM: CONSIDERATION. A bond exacted by a county court conditioned for a payment yearly of a part of the expenses at a lunatic asylum of a person, who under the law, is not entitled to be sent there at the expense of the county, is not illegal. In this case the lunatic was a resident of another State and under the statute could not for that reason be maintained at the asylum as a lunatic at the expense of the county, but under the statute which permits the court to exercise its discretion in caring for poor persons without regard to residence, the court sent to the asylum defendant's lunatic child on the execution by him of a bond to pay

the county $50 per year towards meeting her expenses there, the county to be bound for the entire expense. *Held,* that the bond was a valid obligation, and the county could recover the penalty thereon. *Held,* also, that the mutual agreements and covenants were sufficient consideration to support the bond.

Appeal from Clark Circuit Court.—*Hon. Ben Smith,* Special Judge.

REVERSED AND REMANDED.

*Jno. M. Doran* for appellant.

(1) The county is primarily liable for support of an insane person only where he has no estate, or there is no person bound to support him and of sufficient ability to do so. R. S. 1899, secs. 3696 and 3697. (2) A waiver of any legal right at the request of another would be sufficient to support promise by defendant. Given v. Corse, 20 Mo. App. 132; Vogel v. Meyer, 23 Mo. App. 427. (3) Compromise of doubtful claim, asserted in good faith, is a valuable consideration to support a promise. Mullanphy v. Riley, 10 Mo. 489; Riley v. Chouquette, 18 Mo. 220; Livingston v. Dugan, 20 Mo. 102; Rinehart v. Bills, 82 Mo. 534; Hill v. Coal & Mining Co., 124 Mo. 153. (4) County courts may purchase or receive by donation any property for use of county and have power to settle all claims against county. R. S. 1899, sec. 1777.

*Berkheimer & Dawson* for respondent.

Bonds extorted involuntarily by virtue of any authority to compel a man to do an act which he was not bound to do, are void. Robards v. Samuel, 17 Mo. 555. The statutes of Missouri provide only two modes of sending patients to asylum. Sections 4862, 4863, 4864, 4865 and 4866, Revised

Statutes 1899, provide the way and mode·of sending a pay or private patient to the asylum.   The bond sued on herein is not such a bond as is provided by statute for sending such a patient, and it was not intended as such a bond, as the bond in that case must be given to the treasurer of the asylum and his successors in office.   Permelia Simpson was sent as a county patient.   Secs. 4867, 4868, 4869, 4870, 4871, 4872, 4873, 4874 and 4880, Revised Statutes 1899, provide the way and mode of sending indigent insane poor to the asylum and the county pays for the patient's attendance at the asylum.   The said Permelia Simpson was so sent to the asylum and under the law the county from which she was sent is and was bound to pay for her attendance, and in doing so they had no right to require or exact assistance nor extort from respondent any assistance to help pay the attendance of said Permelia at said asylum, and the said bond was exacted *colore ex-officii,* and is void.   A bond executed to an officer when he had no authority to require it is void.   Benedict v. Bray, 2 Cal. 251; 2 Am. and Eng. Ency. Law, p. 454.   A bond which shows an illegal consideration is void.   Greathouse v. Dunlap, 3 McLean (U. S.) 303.   A bond given in accordance with an unconstitutional requirement of a statute is without consideration and void.   Byers v. State, 20 Ind. 47; Cassel v. Scott, 17 Ind. 514.   A bond given for the purpose of influencing the action of an officer in the discharge of his duties is void.   Cook v. Shipman, 24 Ill. 614; Webb v. Albertson, 4 Barb. (N. Y.) 57.   A bond given to officers to induce them to perform that required of them by law is void. Mitchell v. Vance, 17 Am. Dec. 96.   A bond exceeding judicial requirement has been held *pro tanto.*   Young v. Schliser, 65 Ind. 225.   A bond required as a prerequisite to the performance of official duty without statutory authority is void. Aucoin v. Guillot, 10 La. Ann. 124; 4 Am. and Eng. Ency. Law (2 Ed.), p. 629.   A bond executed according to the requirements of an officer as a condition precedent to the enjoy-

ment of some rights, benefit, office or franchise controlled by such officer in his official capacity, but which is not by law authorized or required, but extorted *colore officii* is void *in toto*. 4 Am. and Eng. Ency. Law (2 Ed.), p. 628; U. S. v. Tingey, 5 Pet. (U. S.) 115; Hawes v. Marchant, 1 Curt. (U. S.) 140; Whitted v. Governor, 6 Port. (Ala.) 343; U. S. v. Gordon, 7 Cranch (U. S.) 287; U. S. v. Morgan, 3 Wash. (U. S.) 10; U. S. v. Humoson, Sawy. (U. S.) 199; U. S. v. Hodson, 10 Wall. (U. S.) 395; Purple v. Purple, 5 Pick. (Mass.) 226; Chelmsford Co. v. Demarest, 7 Gray (Mass.) 4; Dover v. Twornbly, 42 N. H. 67; Hobokin v. Harrison, 30 N. J. L. 79; Woolwick v. Harrison, 2 N. J. L. 107; Beacon v. Holmes, 13 S. & R. (Pa.) 190; Philadelphia v. Shellcross, 14 Phil. 135; Saeltzer v. Ginther, 2 Miles (Pa.) 86.

VALLIANT, J.—This is a suit on a bond for $500 given by defendant, conditioned to pay the plaintiff $50 a year towards the expense of maintaining an insane person in the State asylum at Fulton. The answer admits the execution of the bond, but pleads that it was without consideration, and by way of counterclaim sets up payments made as in compliance with its terms, amounting to $300, and asks judgment for the same.

On the trial it was shown that at a session of the county court of Scotland county in January, 1887, one Byrne, guardian and curator of an insane woman, presented a petition asking that she be sent to the State lunatic asylum as a county patient; that upon consideration of the petition the court found that the insane woman was not a resident of that county, then nor at the time she became insane, but that she was a resident of Quincy, Illinois, and that she was not entitled to be maintained in the asylum at the expense of the county and refused to grant the petition. The finding and judgment of the court were duly entered of record. On the following

day, however, the guardian and curator again appeared and moved the court to reconsider the matter, which was done, and upon the reconsideration the court found that the insane woman under the terms of section 6582, Revised Statutes 1879, then in force, was entitled to assistance from the county, and was a fit subject for treatment in the asylum, and ordered that she be sent there as a county patient, and that the order remain in force as long as she should remain in the asylum, and during the faithful compliance on the part of the defendant of the conditions of the bond now sued on, which bond was set forth in full on the record of the county court. The bond is the personal obligation of the defendant to the county in the penal sum of $500 with conditions reciting that the insane person named was the daughter of the obligor, that she had been adjudged by the probate court to be insane, and was without means, and the county was called upon to take charge of and maintain her at the asylum, and that in consideration thereof the obligor had agreed to pay fifty dollars a year to the county to assist in the expense of so maintaining her, and if he should well and truly keep that agreement the obligation was to become void, otherwise to remain in full force. It was admitted that after the order of the court and the execution of the bond the insane person was sent to the asylum and had been maintained there ever since at the expense of the county and that defendant had paid $50 a year to the county for six years pursuant to the terms of the bond, that is, up to and including the year 1892. The cause was tried by the court without a jury. There was a finding and judgment for the defendant on the plaintiff's cause of action, and for the plaintiff on defendant's counterclaim, from which the plaintiff appeals.

The theory of the defense is that the statute makes no provision for the county court taking such a bond, that it was not authorized by law, was without consideration and of no binding effect.

Respondent in his brief cites authorities to show that bonds extorted by an official to compel a man to do what he is under no duty to do, bonds given to influence an officer in his official conduct either to do or refrain from doing his official duty or to act contrary to his duty, and bonds with no consideration to support them, are illegal and of no binding effect.    Then we are pointed to the statutes to show how an indigent insane person may be sent to the asylum by a county court, which statutes make no provision for taking a bond to indemnify the county or reimburse it, in whole or in part, for the outlay in maintaining the person in the asylum.    And it is argued that when the county court finds a person within its jurisdiction entitled to be sent to the asylum at the county's expense, the court has no right to demand a bond from a relative of the person as a condition to the performance of its duty in that respect, and if it does so the bond is without consideration and invalid.    All those propositions may be conceded, but they do not affect this case.    According to the finding of the county court of the facts, the insane person in this case was not entitled, as a matter of right, to be sent to and maintained at the asylum at the expense of the county. She was not a resident of that county but of Quincy, Illinois. There is nothing in the statutes which regulate the terms upon which a county court may or shall send a patient to the asylum at the county's expense that requires or authorizes the court to so send a person who is not a resident of the county.    But in this instance the county court, doubtless under the importunity of the legal guardian and of the father of the person, concluded that it had some discretion and could afford partial relief, not under the statutes relating to the asylum, but under the authority of section 6583, Revised Statutes 1879, relating to poor persons:    "The county court shall, at all times, use its discretion, and grant relief to all persons, without regard to residence, who may require its assistance."    So the court, after having first refused the application, on reconsid-

eration concluded that it was justified in granting some relief, though not all that was first asked, and made the order under which the unfortunate person was sent to the asylum under express contract with her father, the defendant herein, evidenced by his bond in this suit that he would pay $50 yearly of the expense. The court was not bound to have done anything for the relief of the insane person, but had authority under that statute to exercise its discretion and grant somer relief on such terms and conditions as it saw fit. Under those circumstances the county court had the right to demand the bond and the agreement of the county court to send the patient to the asylum on condition that the father would bind himself to pay part of the expense was ample consideration to support the contract evidenced by the bond.

The judgment is reversed and the cause remanded to the circuit court to be proceeded with in accordance with the law as above expressed.

All concur.